UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER K. DORR,

        Plaintiff,                    Civil Action No. 10-cv-13822

v.                               District Judge Arthur J. Tarnow
                                      Magistrate Judge Laurie J. Michelson

FORD MOTOR CO. *et al*.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR RESTRAINING ORDER (Dkt. 53) AND ORDER DENYING MOTION
TO EXTEND DISCOVERY (Dkt. 60)**

This matter is before the Court on Plaintiff Kristopher Dorr's ("Plaintiff") Motion for a Restraining Order "from being fired by Defendant Ford Motor Company, to stop the termination of Plaintiff as a retaliatory tactic by Defendant and to extend Plaintiff's medical leave indefinitely." (Dkt. 53 at ECF 1.). Defendants Ford Motor Co. ("Ford") and Auto Alliance International, Inc. ("AAI") filed Responses on June 20, 2011. (Dkts. 58, 59.)[1] This case was referred to the Court for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkts. 10, 27.) The Court finds that the decision process would not be significantly aided by oral argument and, therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), will resolve the Motion on the briefs submitted. For the following reasons, the Court RECOMMENDS that Plaintiff's Motion for Restraining Order be DENIED.

**Background**

On September 24, 2010, Plaintiff Kristopher K. Dorr, proceeding pro se, brought this action

---

[1] None of the pleadings in connection with this Motion conform with E.D. Mich. L.R. 7.1.

1

against Ford pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 claiming that he was wrongfully denied disability pay. (Dkt. 1, Pl.'s Compl. at 2.) Plaintiff's pleadings indicate that he has been diagnosed with paranoid schizophrenia and his allegations and resulting Motions are not very focused or clear. (*See, e.g.,* Dkt. 53 at ¶ 3.) As one physician noted, Plaintiff "is convinced that someone is controlling and/or reading his thoughts using a transmitter in his head. . . ." (Dkt. 44 at Ex. C at ECF 33.) The essence of Plaintiff's allegations appears to be that he is being denied disability for discriminatory reasons. In its Affirmative Defenses to the Amended Complaint, Ford advised that it "is not Plaintiff's employer and, at all relevant times, was not Plaintiff's employer. Rather, during all relevant times, Plaintiff worked at AutoAlliance International, Inc. (a joint venture between Ford Motor Company and Mazda Motor Corporation) and was employed by AAI Employee Services, LLC." (Dkt. 20 at 3, ¶ 1.) Plaintiff was permitted to amend his complaint a second time to add the appropriate employers. (Dkts. 23, 39.)

In its Answer to Plaintiff's Second Amended Complaint, AAI admitted that AAI Employee Services, LLC was Plaintiff's employer. (Dkt. 54.) Plaintiff worked at Defendant AAI's Flat Rock plant until August 14, 2006, when he went on medical leave. (Dkt. 58, AAI Resp. at ¶ 9 and Ex. B.) He has been on medical leave since that time and receives disability benefits through a third-party provider, Unicare. (*Id.* at Exs. C and D; Dkt. 53, Pl. Mot. at Ex. A.) AAI's policies require Plaintiff to update his medical leave status. (*Id.*, ¶11 and Ex. E.) In the fall of 2010, Plaintiff submitted a medical certification form indicating he would be on leave until May 30, 2011 because of his "Disorganized thoughts, Paranoid, Dillusional [sic]; Not in touch with reality (per Chalakudy V. Ramakrishna, M.D.)." (Pl. Mot. at Ex. A.) On June 8, 2011, AAI sent Plaintiff a reminder letter that

2

he must update his medical leave status. (AAI Resp. at ¶12 and Ex. E.) According to AAI, Plaintiff's Medical Leave of Absence expired on May 30, 2011 and he is presently on "inactive" status, but remains on the employee roll and has not been terminated by either AAI or Ford. (*Id.*, Exs. B and E.)

**Analysis**

### 1. **Standard of Review**

In determining whether to issue a Temporary Restraining Order ("TRO") or preliminary injunction, a court must balance the following factors:

> (1) Whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; or (4) whether the public interest would be served by issuance of the injunction.

*Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). The factors are not prerequisites, but are factors that are to be balanced against each other. *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998) (citation omitted). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Layette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Winter v. Natural Res. Def. Council*, 505 U.S. 7, 129 S. Ct. 365, 376 (2008). Additionally, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Learly v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

3

**2.     Analysis of the Injunction Factors**

Plaintiff does not provide any analysis of his claims and has not made any showing of a substantial likelihood of success on the merits. Indeed, the current Motion is focused solely on Ford – seeking an Order that Ford not terminate Plaintiff in retaliation for bringing this suit – and Ford is not in a position to either terminate or maintain Plaintiff's employment because it is not Plaintiff's employer. (Ford Resp. at ¶ 2.)[2] Additionally, AAI attached documentation to its Response indicating that Plaintiff is receiving disability payments. (AAI Resp. at Ex. D.) Despite Plaintiff's allegations to the contrary, there is no suggestion that the checks were not cashed – i.e., were being sent back or otherwise kept from Plaintiff.

Nor has Plaintiff demonstrated that he will suffer irreparable harm if the TRO is not issued. While there is no set definition of "irreparable injury," *see, e.g., City of Benton Harbor v. Richardson*, 429 F. Supp. 1096, 1101 (W.D. Mich. 1977), mere money injuries are insufficient. *Sampson v. Murray,* 415 U.S. 61, 90 (1974). "The moving party must demonstrate a noncompensable injury, for which there is no legal measure of damages, or none that can be determined with a sufficient degree of certainty. . . . The injury must be both certain and great . . .; it must be actual, and not merely theoretical." *Merrill, Lynch, Pierce, Fenner & Smith v. E.F. Hutton*, 403 F. Supp. 336, 343 (E.D. Mich. 1975) (citations omitted).

Plaintiff has been on medical leave since 2006 and, while he is on "inactive status," remains on the employment roll. (Dkt. 58, AAI Resp. at Exs. B and E.) Moreover, even if Plaintiff were to

---

[2] The employment documents suggest that Plaintiff's "employer" is 0399 (presumably the code for AAI), which is part of the Ford Motor Company Group. (AAI Resp., Ex. D.) Both AAI and Ford claim, however, that Ford is not the employer and is not in a position to terminate Plaintiff. (Dkts. 58 and 59.)

lose his job while this litigation is pending, the Sixth Circuit has explained that "the fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay." *Overstreet, supra* (citing *Sampson v. Murray,* 415 U.S. 61, 90 (1974) (finding that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury"); *Aluminum Workers Int'l Union, AFL-CIO, Local Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 444 (6thCir.1982) (finding that employees did not suffer irreparable harm from temporary unemployment pending arbitration)). Indeed, "the loss of a job is quintessentially reparable by money damages." *Id.* (quoting *Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp.*, 59 F.3d 80, 83 (8th Cir. 1995)). *See also Chmielewski v. Scroggins*, 2005 U.S. Dist. LEXIS 33554, Case No. 05-60082 (E.D. Mich., April 21, 2005) (same).

Plaintiff has also made no showing that the balance of harms or public interest supports the issuance of a restraining order.

Lastly, Plaintiff's request to extend his medical leave indefinitely is outside the scope of preserving the status quo pending a final determination of the lawsuit – which is the purpose of a TRO/preliminary injunction. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

**Motion to Extend Discovery**

While this Motion for Restraining Order was pending, Plaintiff also filed a Motion to Extend Discovery. (Dkt. 60.) The Court has reviewed the request and does not find that the information being sought is relevant or reasonably calculated to lead to the discovery of admissible information. Fed. R. Civ. P. 26.

**Conclusion and Recommendation**

Based on the foregoing, the Court **RECOMMENDS** that the Plaintiff's Motion for Restraining Order (Dkt. 53) be **DENIED**. Additionally, Plaintiff's Motion to Extend Discovery is **DENIED.**

**Filing Objections to this Report**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: June 28, 2011                                s/Laurie J. Michelson
                                                   Laurie J. Michelson
                                                   United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 28, 2011.

                                                   s/J. Johnson
                                                   Deputy Clerk